**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RLI INSURANCE COMPANY,
     Interpleader Plaintiff,

v.                                  Case No. _____

ANISH MATTHEW,
AIDEN MATTHEW,
ALEX LEUNG,
BREANNA JACKSON,
LEEN ABEL AMIR,
SHANE MCFARLANE,
EAN HOLDINGS, LLC, and
GEICO CASUALTY COMPANY,
     Interpleader Defendants.
_____/

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff, RLI INSURANCE COMPANY ("RLI"), files this interpleader action pursuant to Florida Statutes section 624.155(6), Federal Rule of Civil Procedure 22, and 28 U.S.C. § 1335.  RLI states as follows:

### INTRODUCTION

1.    Pursuant to the above-referenced statutes and rules, RLI seeks to interplead the "any one accident" limit of the "Covered Autos Liability" coverage of Policy ESA0002091 ("the Policy") that applies to all claims against Starks Towing, LLC ("Starks"), Julio Rosario Gonzalez ("Gonzalez"), and any other party insured under the Policy in connection with a September 16, 2025 multi-vehicle accident ("the Accident") in Hillsborough County, Florida.

2.    A true and correct copy of the Policy is attached to this complaint as **Exhibit A**.

**JURISDICTION AND VENUE**

3.     Interpleader Plaintiff, RLI, is a foreign insurance company, incorporated in Illinois, with a principal place of business in Peoria, Illinois.

4.     Interpleader Defendants ANISH MATTHEW, AIDEN MATTHEW, ALEX LEUNG, BREANNA JACKSON, LEEN ABEL AMIR, and SHANE MCFARLANE are Florida citizens who reside in Hillsborough County, Florida.

5.     Interpleader Defendant EAN HOLDINGS, LLC's sole member is Enterprise Holdings, Inc., which is a Missouri corporation with its principal place of business in Missouri.

6.     Interpleader Defendant GEICO CASUALTY COMPANY is a Maryland Corporation with its principal place of business in Maryland.

7.     This Court has interpleader jurisdiction under 28 U.S.C. § 1335, as there is diversity of citizenship between at least two Interpleader Defendants, and the amount at issue exceeds $500.00.

8.     Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332, as there is diversity of citizenship between Interpleader Plaintiff, RLI, and each of the Interpleader Defendants, and the amount in controversy exceeds $75,000.00, exclusive of all fees and costs.

9.     Venue is proper in this Court under 28 U.S.C. § 1391, as at least one of the Interpleader Defendants is a resident of this judicial district.

10.    All conditions precedent to the filing of this action have occurred, been performed or been waived.

**THE ACCIDENT & THE COMPETING CLAIMS ARISING OUT OF IT**

11. At the time of the Accident, Gonzalez was operating a 2022 Dodge Ram 5500 truck owned by Starks, allegedly within the course and scope of his employment with Starks.

12. Gonzalez and Starks qualify as "insureds" under the Policy for liability claims arising out of the Accident.

13. The Policy's "Covered Auto Liability" limit that applies to "any one accident" is $1,000,000.

14. Gonzalez allegedly struck the rear of a stopped 2013 Chevrolet Equinox, allegedly causing a chain-reaction of collisions to the three vehicles immediately ahead of the 2013 Equinox: a 2024 Toyota Camry, a 2014 Kia Sorrento, and a 2024 Honda Accord.

15. The diagram below illustrates the relationship between the vehicles involved in the Accident and their occupants:

*V-5 (McFarlan)←V-4 (Amir)←V-3 (Jackson)←V-2 (Anish, et al.)←V-1 (Gonzalez)*

16. Interpleader Defendant ANISH MATHEW was driving the Equinox ("V-2" on the accident report), in which Interpleader Defendants AIDEN MATHEW and ALEX LEUNG were riding as passengers.

17. Interpleader Defendant BREANNA JACKSON was driving the Camry (V-3), which was owned by Interpleader Defendant EAN HOLDINGS, LLC.

18. Interpleader Defendant LEEN ABEL AMIR was driving the Sorento (V-4).

3

19.    Interpleader Defendant SHANE MCFARLANE was driving the Accord (V-5), which was insured by Interpleader Defendant GEICO CASUALTY COMPANY.

20.    On or about February 3, 2026, one of the Interpleader Defendants made a settlement demand to RLI for payment of the "any one accident" limit of $1,000,000.

21.    The aggregate value of the demands made by some of the Interpleader Defendants exceeds the amount of the available limit of the Policy.

## COUNT I – CLAIM FOR INTERPLEADER

22.    RLI incorporates the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23.    The Interpleader Defendants' third-party claims against RLI's insureds arising out of the Accident are rival, adverse, and conflicting.

24.    The Interpleader Defendants' competing demands against RLI's insureds exceed the available limit of the Policy.

25.    RLI is in danger of exposure to multiple competing claims unless the Court allows RLI to interplead the available limit of the Policy.

26.    RLI seeks interpleader pursuant to Florida Statutes section 624.155(6).

27.    This interpleader action is timely filed in accordance with Section 624.155(6).

28.    RLI is ready, willing, and able to deposit the available limit of the Policy into the Court Registry or to any other custodian or trustee the Court deems proper.

**WHEREFORE**, Interpleader Plaintiff, RLI INSURANCE COMPANY, respectfully requests that this Court: **(1)** grant interpleader; **(2)** require the Interpleader Defendants to come forward and interplead their claims to the available limit of the Policy; **(3)** find that

4

the claims of the competing Interpleader Defendants are in excess of the policy limit; **(4)** grant RLI's request to pay its available limit of liability coverage into the court registry;  **(5)** determine the pro-rated share of the policy limit to which each Interpleader Defendant is entitled, and direct the Clerk to disburse funds accordingly; **(6)** enter judgment in favor of RLI ruling that RLI is not liable beyond the available limit of the Policy; and **(7)** grant such other relief as this Court deems just and proper.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Fay E. Ryan
FAY E. RYAN, ESQ.
Florida Bar No.:  0965944
fryan@butler.legal
ADAM M. TOPEL, ESQ.
Florida Bar No. 113916
atopel@butler.legal
Secondary: cwhite@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Counsel for Interpleader Plaintiff, RLI Insurance Company*